# EXHIBIT A

20-016630-AA FILED IN MY OFFICE   WAYNE COUNTY CLERK   12/22/2020 1:27 PM   Cathy M. Garrett   Laverne Chapman

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

NORTHVILLE VENTURE PARTNERS, LLC,

      Plaintiff,

                                     Case No. 2020-    -AA

vs.                                      HON:

CITY OF NORTHVILLE,

      Defendant.

---

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
Richard D. Rattner (P19249)
Richard E. Rassel (P57540)
Jeremy M. Manson (P76920)
Attorneys for Plaintiff/Appellant
380 N. Old Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 642-0333
rdr@wwrplaw.com
rer@wwrplaw.com
jmm@wwrplaw.com

---

*There is no other pending or resolved civil action arising*
*out of the transaction or occurrence alleged in the complaint.*

*/s/ Richard E. Rassel*
Richard E. Rassel

**CLAIM OF APPEAL AND COMPLAINT**

    Plaintiff/Appellant, Northville Venture Partners, LLC, by its attorneys, Williams,
Williams, Rattner & Plunkett, P.C., and for its Claim of Appeal and Complaint against the City
of Northville, states as follows:

**PARTIES AND JURISDICTION**

    1.      Plaintiff/Appellant Northville Venture Partners, LLC ("NVP") is a Michigan
limited liability company.

01441910.DOCX

2.     Defendant the City of Northville is a Michigan municipal body located in Wayne County, Michigan (Defendant or the "City") whose mailing address is 215 W. Main St., Northville, MI 48167.

3.     The real property at issue owned by NVP is located at 100-114 and 101-115 North Center Cove (previously 314 and 320 N. Center) Northville, Michigan 48167, Property I.D. #: 48-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-000 through 48-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-014 (the "Property").

4.     The City's Board of Zoning Appeals ("BZA") was established by the City through its Zoning Ordinance and has such duties and responsibilities as are set forth in the City's Zoning Ordinance and the Michigan Zoning Enabling Act (MCL 125.3101, *et. seq.*).

5.     This action arises out of (i) the BZA's November 4, 2020 decision interpreting the City's Zoning Ordinance to conclude that NVP has constructed an unauthorized "roof" relating to the Property at proposed combined units 6 and 7, specifically: "1) the [BZA] does not believe that only enclosed roof structures can have a roof. 2) The structure considered tonight provides cover from the weather which a lattice top does not. 3) Based on definitions contained in our ordinance and the fall back position that a common understanding/definition shows this meets the definition of a roof, we find that it is a roof." (the "11/4/20 BZA Decision"); and (ii) the BZA's December 2, 2020 denial of NVP's application for two (2) alternative variances related to the Property for an additional story and height increase (the "12/2/20 BZA Denial").

6.     Jurisdiction in this Court exists in that this action arises under the Constitution and laws of the United States and the State of Michigan, and the matter in controversy exceeds the sum or value of $25,000, exclusive of interest and costs.  Jurisdiction is further invoked pursuant to MCR 3.310, this being a suit for injunctive relief.

01441910.DOCX

7.     This case also involves an appeal of right, pursuant to MCR 7.122(A)(1)-(3) and MCL 125.3605-7, from the 11/4/20 BZA Decision and the 12/2/20 BZA Denial.  Under applicable Michigan law, NVP may join with its appeal any other original claims it may have arising out of the City's decisions at issue here.  *See, e.g.*, *Choe v. Charter Twp. Of Flint*, 240 Mich. App. 662, 668, n2 (2000).

8.     Venue in this Court is proper as the Property is located in Wayne County.

## FACTS GIVING RISE TO THE APPEAL AND CLAIMS AGAINST THE CITY

9.     The City approved in all respects NVP's plans to develop and construct the Property, which consists of a substantially completed 16-unit townhome project composed of two eight-unit buildings.

10.     The proposed purchasers of units 6 and 7 of the Property then requested to combine those units into one larger unit and, among other structural revisions, requested a modestly designed canopy structure in lieu of an open trellis configuration over the roof-top terrace.

11.     On June 25, 2019, revised construction plans inclusive of the modestly designed canopy structure in lieu of an open trellis configuration over the roof-top terrace were emailed to the City Building Department for combined units 6 and 7.  The City Building Department then approved those revised plans. NVP then proceeded with completed construction accordingly.

12.     The City then advised NVP, post-completed construction, that the City Building Inspector subsequently considered the constructed canopy structure for units 6 and 7 to be a "roof" and a 4th story thus triggering a revised height calculation exceeding the 42 ft. height limit in the City Zoning Ordinance. The aggregate/average height of the Property under the revised plans still conformed to the 42 ft. height limit.

01441910.DOCX

13.     The Property is in the Central Business District and Central Business District Overlay; both districts allow three stories, up to 42 ft. height.  As approved and constructed, the units were shown as three stories, at 34 ft. to the roof-top terrace floor.

14.     NVP then requested from the BZA: (i) a Zoning Ordinance interpretation by the BZA that the constructed canopy structure for units 6 and 7 was not a "roof" and; (ii) if necessary, and alternatively, a height dimension variance of 5.67 ft. for units 6 and 7.

15.     On November 4, 2020, the BZA then sought to interpret the following terms as they related to the Property and specifically units 6 and 7: "roof"; "canopy"; "building height"; and "story".

16.     "Roof" is not defined in the City's Zoning Ordinance. NVP presented to the BZA definitions taken from the Michigan Residential Code in support of its advocated interpretation that the subject structure for units 6 and 7 is a "canopy", not a "roof" eliminating the height and story issue.  The BZA then determined on November 4th that the structure added is a "roof" for purposes of the City's Zoning Ordinance, relying on a common dictionary definition only.  The BZA did not decide whether, with a "roof", the deck of units 6 and 7 is now an additional "story" or whether, by measurement to that "roof", the building now violates the zoning district height limit.  The matter was then partially postponed to December 2, 2020.

17.     On December 2, 2020, the BZA then denied NVP alternative variances for an additional story and a related 5.67 ft. height increase.  The BZA also formally approved the November 2, 2020 minutes.  The December 2, 2020 BZA minutes remain pending formal approval.

01441910.DOCX

18.     Pursuant to MCL § 125.3605, "[t]he decision of the zoning board of appeals shall be final.  A party aggrieved by the decision may appeal to the circuit court for the county in which the property is located as provided under section 606."

19.     Pursuant to MCL § 125.3606, NVP was required to file this appeal within 21 days after the November 4, 2020 BZA meeting minutes were approved, which upon information and belief, occurred on December 2, 2020.

20.     Pursuant to MCL § 125.3607, "[a]ny party aggrieved by any order, determination, or decision of any officer, agency, board, commission, zoning board of appeals, or legislative body of any local unit of government made under section 208 may obtain a review in the circuit court for the county in which the property is located.  The review shall be in accordance with section 606."

21.     NVP has timely filed this Claim of Appeal and Complaint.

### COUNT I – CLAIM OF APPEAL
### Michigan Zoning Enabling Act MCL§ 125.3605 – 3607.

22.     NVP incorporates by reference as if fully set forth herein, allegations 1 through 21.

23.     The 11/4/20 BZA Decision and 12/2/20 BZA Denial were improper and should be reversed because they:

a.  Did not comply with the Michigan Constitution and laws of this State;

b.  Were not supported by competent, material, and substantial evidence on the record; and/or;

c.  Did not represent the reasonable exercise of discretion granted by the law to the BZA.

24.     To the contrary, the competent, material, and substantial evidence in the record presented to the BZA established that the subject canopy structure as to units 6 and 7, as constructed with Building Department approval, was a "vested right" of NVP under Michigan law,

01441910.DOCX

did not constitute a "roof" under the City's Zoning Ordinance, but rather a canopy as that term is commonly defined and thus did not result in an additional story or a height reassessment/violation under the City's Zoning Ordinance. The BZA's failure to acknowledge the distinction or ambiguity in the City's Zoning Ordinance and the Michigan Residential Code between a roof and a canopy and that NVP has established a vested right was in legal error as to units 6 and 7. The BZA's failure, separately, and/or alternatively, to grant height or other dimension variances for an additional story and height increase as to units 6 and 7 was also in legal error.

25.     The 11/4/20 BZA Decision and 12/2/20 BZA Denial were detrimental to NVP's property rights and interfere with NVP's enjoyment of its land as intended by the City's Zoning Ordinance and protected by Michigan and federal law.

26.     The 11/4/20 BZA Decision and 12/2/20 BZA Denial have caused NVP to suffer special injuries which are different than those which may be suffered by the public at large.

27.     The 11/4/20 BZA Decision and 12/2/20 BZA Denial were contrary to the express requirements of the City's Zoning Ordinance and established City process and Michigan and federal law.

WHEREFORE, NVP respectfully requests that the Court grant the following relief: Entry of a Judgment that reverses the 11/4/20 BZA Decision and 12/2/20 BZA Denial, and determines, declares, and adjudges that the 11/4/20 BZA Decision and 12/2/20 BZA Denial were in violation of federal, state and local law.

## COUNT II – DENIAL OF SUBSTANTIVE DUE PROCESS

28.     NVP incorporates by reference as if fully set forth herein, allegations 1 through 27.

29.     NVP has legally protected property and liberty interests in utilizing the Property for all lawful purposes, including but not limited to a now "vested" right under Michigan law in

6

utilizing the Property as approved by the City and as substantially completed in reliance on City approvals by NVP.

30.     NVP's existing, completed, and/or proposed use of the Property is lawful and "vested" under federal, state, and local law.

31.     The City, by its 11/4/20 BZA Decision and 12/2/20 BZA Denial, has denied NVP its right to substantive due process under the 5th and 14th Amendments to the United States Constitution and under the Michigan Constitution and Michigan law.

32.     No reasonable or rational governmental interest which bears a substantial relation to the public health, safety or welfare was advanced by the 11/4/20 BZA Decision and 12/2/20 BZA Denial.

33.     The 11/4/20 BZA Decision and 12/2/20 BZA Denial were arbitrary and capricious, shock the conscience, and fail to advance any legitimate governmental interest or purpose.

WHEREFORE, NVP respectfully requests that the Court grant the following relief:

A.     Enter an Order compelling the City by affirmative injunction to issue all approvals and permits necessary to reasonably accommodate NVP's lawful and vested use of the Property.

B.     Enter an Order enjoining the City from interfering with NVP's lawful and vested use of the Property.

C.     Grant NVP its attorney fees, expert fees and other damages as provided by 42 U.S.C. § 1988(b), 42 U.S.C. § 1983 and/or other law;

D.     Grant any other relief this Court deems fair and just.

### COUNT III – VIOLATION OF 42 U.S.C. § 1988(b) and 42 U.S.C. § 1983

34.     NVP incorporates by reference as if fully set forth herein, allegations 1 through 33.

01441910.DOCX

35.     42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

36.     The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) specifically provides for an award of attorney's fees payable by the defendant to the prevailing plaintiff in any action or proceeding to enforce 42 U.S.C. § 1983.

37.     The City is a "person" for purpose of 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b).

38.     As described above, the actions and inactions of the City, acting under color of state law, in violating NVP's rights to substantive due process rights under the United States Constitution, constitute a continuing violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b).

WHEREFORE, NVP respectfully requests that the Court grant the following relief:

A.  Enter an Order reversing the BZA in all respects.

B.  Enter an Order compelling the City by affirmative injunction to issue all approvals and permits necessary to reasonably accommodate NVP's lawful and vested use of the Property.

C.  Enter an Order enjoining the City from interfering with NVP's lawful and vested use of the Property.

D.  Grant NVP its attorney fees, expert fees and other damages as provided by 42 U.S.C. § 1988(b), 42 U.S.C. § 1983 and/or other law;

E.  Grant any other relief this Court deems fair and just.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

By:       /s/*Richard E. Rassel*
           Richard D. Rattner (P19249)
           Richard E. Rassel (P57540)
           Jeremy M. Manson (P76920)
           Attorneys for Plaintiff/Appellant
           380 N. Old Woodward Avenue, Suite 300
           Birmingham, MI  48009
           (248) 642-0333
           rdr@wwrplaw.com
           rer@wwrplaw.com
           jmm@wwrplaw.com

Dated: December 22, 2020

9

01441910.DOCX