UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHVILLE VENTURE
PARTNERS, LLC,

      Plaintiff/Appellant,

                              Civil Case No. 21-10248
v.                            Honorable Linda V. Parker

CITY OF NORTHVILLE,

      Defendant/Appellee,
_____/

## OPINION AND ORDER REGARDING JURISDICTION AND LIFTING STAY

On December 22, 2020, Northville Venture Partners, LLC ("Northville Venture") filed an action in the Circuit Court for Wayne County, Michigan, appealing a zoning decision by the City of Northville ("City") pursuant to the Michigan Zoning Enabling Act, Mich. Comp. Laws §§ 125.3605-.3607 (Count I). In its Complaint, Northville Venture also alleges violations of its federal constitutional rights in connection with the zoning decision (Counts II and III). The City removed Northville Venture's Complaint to federal court on February 2, 2021.

At the initial scheduling conference before this Court, the issue of whether Count I should be remanded to state court was raised. The parties filed supplemental briefs regarding the issue. (ECF Nos. 11, 12.) Having reviewed the

briefs and relevant caselaw, the Court concludes that it has supplemental jurisdiction over Count I and that the zoning appeal should not be remanded.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a case to federal court only if the claim could have been brought there. 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citations omitted). The removal of Northville Venture's Complaint was proper based on the inclusion of two claims asserting federal constitutional violations. *See id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). Northville Venture does not appear to dispute this point, as it seeks a remand only of Count I of its Complaint.

However, if a federal district court has subject matter jurisdiction over any claim in a complaint, it also has pendent and ancillary jurisdiction over any state law claims that "'derive from a common nucleus of operative fact,' such that 'the relationship between the federal claim and the state claim permits the conclusion

that the entire action before the court comprises but one constitutional case.'" *Id.* at 164-65 (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)); *see also* 28 U.S.C. § 1367. Just as was the case in *International College of Surgeons*, Northville Venture's state and federal claims "derive from a common nucleus of operative fact"—that being, the City's zoning board decision. *Id.* at 165-66 (finding that the district court had jurisdiction over actions seeking judicial on-the-record review of a final decision of the city's landmark commission, which were pendent and ancillary to the plaintiff's claims asserting that the ordinances on which the decisions were based violated the Fifth and Fourteenth Amendments to the United States Constitution); *see also Hucul Advert., LLC v. Charter Twp. of Gaines*, 748 F.3d 273, 281 (6th Cir. 2014) (holding that the district court properly exercised its jurisdiction over the plaintiff's state-law zoning appeal); *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 693-94 (6th Cir. 2017) (finding supplemental jurisdiction over the plaintiff's state law claim seeking to enjoin enforcement of zoning ordinance).

A federal district court has the discretion whether to exercise its jurisdiction over pendent and ancillary claims. *Id.* at 172 (citing *Gibbs*, 383 U.S. at 726); *see also* 28 U.S.C. § 1367(c). As § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

3

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  When deciding whether to exercise supplemental jurisdiction, the court considers and weighs "the values of judicial economy, convenience, fairness, and comity." *Int'l College of Surgeons*, 522 U.S. at 173 (citing *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).  Northville Venture has not put forth any arguments for why these considerations weigh in favor of this Court declining to exercise its supplemental jurisdiction over Northville Venture's zoning appeal.  The Court is not convinced at this time that they do.

It does not appear that Northville Venture's zoning appeal raises novel or complex issues of state law.  Nor does it appear that the zoning appeal predominates over Northville Venture's federal constitutional claims.  Those federal constitutional claims remain pending.  The Court is unaware of any compelling circumstances for declining to exercise jurisdiction.

For these reasons, the Court concludes that it has supplemental jurisdiction over Northville Venture's zoning appeal and declines to remand Count I of its Complaint to state court. The stay in this matter is lifted.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 4, 2021